(111 So. 193)

## WILIFORD v. STATE. (1 Div. 722.)

(Court of Appeals of Alabama. Jan. 18, 1927.)

1. Criminal law ⊚⟾1092(13)—Bill of exceptions, not signed by any judge, held not properly authenticated (Code 1923, §§ 6436, 6437).

Purported bill of exceptions, not signed by any judge, *held* not properly authenticated, under Code 1923, §§ 6436, 6437.

2. Criminal law ⊚⟾1092(14)—Indorsement of solicitor of circuit, agreeing that bill of exceptions was correct, held insufficient to cure improper authentication (Code 1923, §§ 6436, 6437).

Indorsement of solicitor of First judicial circuit to bill of exceptions, unsigned by any judge, agreeing that bill was correct, *held* insufficient authentication, in view of statutory requirement under Code 1923, §§ 6436, 6437, that where judge before whom case is tried dies, resigns, or is removed, or is out of state before presentment within 90-day period, bill of exceptions may be filed with clerk of court, or settled and established by any justice of the Supreme Court.

3. Rape ⊚⟾57(5)—In prosecution for assault with intent to ravish, evidence, being in conflict, presented jury question.

In prosecution for assault with intent to ravish resulting in conviction for assault and battery, where evidence was in sharp conflict, question was presented for jury's determination.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Charlie Wiliford, alias Welford, alias Woolford, was convicted of assault and battery, and he appeals. Affirmed.

Granade & Granade, of Chatom, for appellant.

In view of the decision, it is not necessary that brief be here set out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant was charged by indictment with an assault with intent to ravish Rosie Stefan, a woman. The trial resulted in his conviction of an assault and battery, and the jury assessed a fine of $250. From the judgment of conviction, this appeal was taken.

We note from the record that this trial was had in the court below on March 24, 1925, and that an appeal was taken on that day. We also note that the transcript of appeal was not filed in this court until December 16, 1926, nearly two years from the date of the trial. The cause was here submitted on the same day of the filing of the transcript (December 16, 1926). We regard the delay in sending up this transcript as inexcusable, and feel that the prevalent criticisms as to the law's delay is largely due to instances of this character. The transcript here could probably be prepared in half a day, and yet, as stated, nearly two years elapsed before it reached this court.

[1, 2] The purported bill of exceptions is not signed by any judge. It is therefore not properly authenticated. There is an indorsement by the solicitor of the First judicial circuit, wherein he agrees that the bill of exceptions is correct. This will not suffice, as the statute expressly provides if the judge before whom a cause is tried dies, resigns, is removed from office, or is out of the state or county in which the cause was tried, or from sickness is unable to accept a presentation or order a day for settling the bill, or his term of office expires before the bill is presented within 90 days, the bill of exceptions may be filed with the clerk of the court where the case was tried, or if from those, or any other cause, such judge does not settle and sign a bill of exceptions duly presented to him, the bill of exceptions may be settled and established by any one of the judges of this court. The procedure necessary to this is expressly stated in Code 1923, sections 6436, 6437. The statute provides:

"Where parties or their attorneys agree on a bill of exceptions, the judge shall approve and sign the same immediately."

This, where the other statutory procedure has been complied with. Unless a judge signs the bill of exceptions, it cannot be used as such, unless established as required by statute.

[3] Without reference to this, however, we find that the evidence adduced upon the trial of this case was in sharp conflict, thereby presenting a question for the determination of the jury. The several rulings of the court

complained of do not disclose error of a reversible nature. The record proper is regular and without error; therefore the judgment of conviction in the circuit court from which this appeal was taken must be and is affirmed.

Affirmed.